IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 14-610-1 |
| | : | |
| LAWRENCE GREENE | : | |

## ORDER

AND NOW, this 21st day of July, 2015, upon consideration of Defendant Lawrence Greene's Motions to Dismiss the Indictment and the Government's response thereto, and following an oral argument, it is ORDERED the Motions (Documents 45 & 50) are DENIED.[1]

---

[1] On November 13, 2014, Lawrence Greene was indicted on one count of conspiracy to utter counterfeit and forged securities. Greene moves to dismiss the indictment on two grounds: the running of the statute of limitations and oppressive pre-indictment delay.

"It is well-established that an indictment returned by a legally constituted and unbiased grand jury, . . . *if valid on its face* is enough to call for trial of the charge on the merits." *United States v. Huet*, 665 F.3d 588, 595-96 (3d Cir. 2012) (internal citation and quotation marks omitted). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id.* at 595 (citation omitted). In the case of a criminal conspiracy in violation of 18 U.S.C. § 371, the indictment must allege: "(1) an agreement between two or more persons to commit a federal crime, (2) knowledge of the purpose of the conspiracy and a deliberate decision to join in that purpose, and (3) commission of an 'overt act' by one of the participants in furtherance of the conspiracy." *United States v. Vega*, 184 F. App'x 236, 239-40 (3d Cir. 2006) (citing *United States v. Conley*, 37 F.3d 970, 976-77 (3d Cir. 1994)).

Greene contends the Government has failed to allege a valid overt act within the five-year limitations period. The Court disagrees. The indictment charges, "in furtherance of the conspiracy and to accomplish its objective . . . on or about November 16, 2009, coconspirator Weems possessed approximately 194 counterfeit checks of sham organizations that he and others . . . had created and uttered." Indictment 4-6. The possession of counterfeit notes by Greene's coconspirator constitutes an overt act in furtherance of the conspiracy within the limitations period. *See, e.g.*, *United States v. Issa*, 560 F. App'x 835, 837 (11th Cir. 2014) (storing counterfeit notes for another person is an overt act in furtherance of a conspiracy to pass, utter, possess, or conceal counterfeit currency); *United States v. James*, 520 F. App'x 41, 45 (2d Cir. 2013) (possessing marijuana is an overt act in furtherance of a conspiracy to distribute marijuana); *United States v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997) (possessing a single bank note is an overt act in furtherance of a conspiracy to possess and deliver foreign bank notes

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

sufficient to confer jurisdiction and venue on a district court); *Suhl v. United States*, 390 F.2d 547, 549 (9th Cir. 1968) (possessing a book of blank checks is an overt act in furtherance of a conspiracy to commit mail fraud).

Greene conceded at oral argument that possession of the counterfeit checks could constitute an overt act. Nonetheless, he contends the discovery of these counterfeit checks on or about November 16, 2009, does not constitute a *valid* overt act, as it is unclear when the checks were produced, or whether the conspiracy was ongoing at that time such that possession of the checks was in furtherance of the conspiracy. These arguments challenge the Government's version of the facts; however, so long as an indictment is facially sufficient, any factual dispute is for the jury to resolve. *See United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) ("[A] motion to dismiss is not . . . a permissible vehicle for addressing the sufficiency of the government's evidence . . . . Rather, . . . the district court must accept as true the factual allegations set forth in the indictment." (citations and quotation marks omitted)); *see id.* at 271 ("[F]actfinding is impermissible at the motion to dismiss stage."); *United States v. Ngige*, No. 12-00098, 2013 WL 950689, at *2 (D. Me. Mar. 12, 2013) (declining to dismiss an indictment where the defendant argued she had withdrawn from the conspiracy prior to the close of the limitations period and the overt act set forth in the indictment was not in furtherance of the conspiracy because these arguments challenged the sufficiency of the Government's evidence), *aff'd*, 780 F.3d 497 (1st Cir. 2015). As the indictment returned against Greene sets forth the elements of the charge and sufficiently apprises him of what he must defend against, any challenges to the sufficiency of the Government's evidence must await trial and Greene's motion to dismiss the indictment on statute of limitations grounds is denied.

The Court further finds no grounds for dismissal based on pre-indictment delay. Defense counsel conceded at oral argument that the Sixth Amendment speedy trial guarantee, which protects against post-indictment delays, is not implicated by this case. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992) ("[T]o trigger a speedy trial analysis, an accused must allege that the interval between *accusation* and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." (emphasis in original)). The indictment in this case may be dismissed only if the pre-indictment delayed alleged by Greene violates the Fifth Amendment Due Process Clause. *United States v. Ismaili*, 828 F.2d 153, 167 (3d Cir. 1987) (citing *United States v. Marion*, 404 U.S. 307, 323 (1971)). To obtain dismissal on due process grounds, a defendant must prove "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him, and that (2) this intentional delay caused the defendant actual prejudice." *Id.* Greene concedes there is no evidence the Government intentionally delayed or of actual prejudice, but urges the Court to presume prejudice pursuant to *United States v. Velazquez*, 749 F.3d 161, 184 (3d Cir. 2014). *Valazquez* is inapposite; that case expressly contemplated "whether the right to a speedy trial guaranteed in the Sixth Amendment" was violated. *Id.* at 161. Because Greene cannot meet his burden on either prong of pre-indictment delay standard, the motion to dismiss for pre-indictment delay is also denied.