AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: DPAE2:14CR00610-001 |
| LAWRENCE GREENE | ) | USM Number: 71781-066 |
| | ) | Lawrence Bozzelli |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:371 | Conspiracy to utter counterfeit and forged securities | 11/16/2009 | 1 |

FILED JAN 11 2016 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)          ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

CC: L Bozzelli
AUSA Pethkun
Marshals (2)
Probation (2)
Pretrial
Fin
Fiscal

12/21/2015
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Juan R. Sánchez, US District Judge
Name and Title of Judge

1/8/16
Date

|  |  |
|---|---|
| DEFENDANT: | LAWRENCE GREENE |
| CASE NUMBER: | DPAE2:14CR00610-001 |

Judgment—Page 2 of 8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
18 months on Count 1.

☒ The court makes the following recommendations to the Bureau of Prisons:
Defendant is to be housed as closed to Philadelphia as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
　☐ at _____ ☐ a.m. ☐ p.m. on _____ .
　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　☒ before 2 p.m. on        January 21, 2016.        .
　☐ as notified by the United States Marshal.
　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: LAWRENCE GREENE
CASE NUMBER: DPAE2:14CR00610-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three years on Count 1.

 The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

 If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: LAWRENCE GREENE
CASE NUMBER: DPAE2:14CR00610-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the U.S. Probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

The defendant shall make restitution in the amount of $65,258.04. Payment should be made payable to Clerk, U.S. District Court, for distribution to the following victims:
Ace Cash Express #1114  $1,662.13
Ace Cash Express #2609  $1,717.42
Ace Cash Express #2613  $1,209.34
Ace Cash Express #2615  $1,287.44
Ace Check Cashing, Inc. (CW Financial)  $5,015.18
Ace Check Exchange  $2,123.83
Alnor, Inc.  $1,034.49
Arrow Pawn  $1,045.19
Barry's Check Cashing  $1,111.18
Check Cashing, Inc. (Oxford Check Cashing)  $3,805.50
Check Cashing Service, Inc.  $524.42
CW Check Cashing (Cashwell)  $2,039.46
Diamond Check Cashing  $547.06
Diamond Check Cashing  $1,067.32
Global Currency Services (of NJ)  $524.42
Global Currency Services (of PA)  $5,339.95
J&R Financial Services  $4,432.98
Pratt Check Cashing  $2,256.79
Terminal Check Service  $1,048.97
Walmart #5229  $2,203.76
Windermere (United Check Cashing)  $524.42
M&G Cashing  $3,807.82
Lowill's Jewelers  $2,028.97
M.G  $4,300
K.P.  $5,600
K.W.  $9,000
Total: $65,258.04

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25 per quarter towards restitution. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installmentss of not less than $100, to commence 30 days after release from confinement.  The resitution amount is jointly and severally liable with Phillip Eric Weems (11-CR-00633-001).

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the restitution remains unpaid.

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.
The defendant shall pay to the United States a total special assessment of $100, which shall be due immediately.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page 5 of 8 |
|---|---|---|
| DEFENDANT: | LAWRENCE GREENE | |
| CASE NUMBER: | DPAE2:14CR00610-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 65,258.04 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Ace Cash Express #1114<br>2404 Kensington Avenue<br>Philadelphia, PA 19125 | $1,662.13 | $1,662.13 | 100% |
| Ace Cash Express #2609<br>3544-46 Germantown Avenue<br>Philadelphia, PA 19140 | $1,717.42 | $1,717.42 | 100% |
| Ace Cash Express #2613<br>1349 W. Olney Avenue<br>Philadelphia, PA 19141 | $1,209.34 | $1,209.34 | 100% |
| Ace Cash Express #2615<br>2 W. Chelten Avenue<br>Philadelphia, PA 19144 | $1,287.44 | $1,287.44 | 100% |
| TOTALS | $ 65,258.04 | $ 65,258.04 | 100% |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
        Sheet 5B — Criminal Monetary Penalties

Judgment—Page __6__ of __8__

DEFENDANT:        LAWRENCE GREENE
CASE NUMBER:      DPAE2:14CR00610-001

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ace Check Cashing, Inc. (CW Financial) 113 W. Chelten Avenue, Philadelphia, PA 19144 | $5,015.18 | $5,015.18 | 100% |
| Ace Check Exchange 4034 Veterans Highway, Levittown, PA 19056 | $2,123.83 | $2,123.83 | 100% |
| Alnor, Inc. 2226 Bryn Mawr Avenue, Philadelphia, PA 19131 | $1,034.49 | $1,034.49 | 100% |
| Arrow Pawn 2421 Crabtree Boulevard, Raleigh, NC 27604 | $1,045.19 | $1,045.19 | 100% |
| Barry's Check Cashing 1202 E. Hunting Park Avenue, Philadelphia, PA 19124 | $1,111.18 | $1,111.18 | 100% |
| Check Cashing, Inc. (Oxford Check Cashing) 631 Oxford Avenue, Philadelphia, PA 19124 | $3,805.50 | $3,805.50 | 100% |
| Check Cashing Service, Inc. 116 North Broadway, Camden, NJ 08102 | $524.42 | $524.42 | 100% |
| CW Check Cashing (Cashwell) 2248 Cottman Avenue, Philadelphia, PA 19149 | $2,039.46 | $2,039.46 | 100% |
| Diamond Check Cashing 5601 Spruce Street, Philadelphia, PA 19139 | $547.06 | $547.06 | 100% |
| Diamond Check Cashing 6730 New Falls Road, Levittown, PA 19057 | $1,067.32 | $1,067.32 | 100% |
| Global Currency Services (of NJ) 115 South Black Horse Pike, Bellmawr, NJ 08031 | $524.42 | $524.42 | 100% |
| Global Currency Services (of PA) 115 South Black Horse Pike, Bellmawr, NJ 08031 | $5,339.95 | $5,339.95 | 100% |
| J&R Financial Services 1108 New Rodgers Road, Bristol, PA 19007 | $4,432.98 | $4,432.98 | 100% |
| Pratt Check Cashing 1532 Pratt Street, Philadelphia, PA 19124 | $2,256.79 | $2,256.79 | 100% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 10/15) Judgment in a Criminal Case
    Sheet 5B — Criminal Monetary Penalties

Judgment—Page   7   of   8

DEFENDANT:        LAWRENCE GREENE
CASE NUMBER:      2:14CR00610-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Terminal Check Service<br>1324 W. Olney Avenue, Philadelphia, PA  19141 | $1,048.97 | $1,048.97 | 100% |
| Walmart #5229<br>1000 Easton Road, Wyncote, PA  19095 | $2,203.76 | $2,203.76 | 100% |
| Windermere (United Check Cashing)<br>220 4th Avenue, Brooklawn, NJ  08030 | $524.42 | $524.42 | 100% |
| M&G Cashing<br>1300 E. Cheltenham Avenue, Philadelphia, PA  19124 | $3,807.82 | $3,807.82 | 100% |
| Lowill's Jewelers<br>5719 Germantown Avenue, Philadelphia, PA  19144 | $2,028.97 | $2,028.97 | 100% |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
      Sheet 6 — Schedule of Payments

Judgment — Page 8 of 8

DEFENDANT: LAWRENCE GREENE
CASE NUMBER: DPAE2:14CR00610-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100 due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25 per quarter towards restitution. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installmentss of not less than $100, to commence 30 days after release from confinement. The resitution amount is jointly and severally liable with Phillip Eric Weems (11-CR-00633-001).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Phillip Eric Weems, 11-CR-00633-001

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.